IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY MUSTAFAH CHISLEY, #280-358 *
    Plaintiff
                                      *
   v.                                        CIVIL ACTION NO. DKC-05-2049
                                       *
SARGEANT BROWN,
    Defendant                           *
                                       ******

**MEMORANDUM**

On July 22, 2005, Plaintiff, a state prisoner, filed the instant civil rights complaint, alleging that on July 17, 2005, he was denied a lunch meal. Paper No. 1. Because it was not clear whether Plaintiff was continually denied or refusing meals, Defendant was directed to respond to the complaint. Paper No. 2. The case now is before the court on Defendant's Motion to Dismiss or for Summary Judgment. Paper No. 4. Plaintiff has filed a response. Paper No. 5. No hearing is needed to resolve the facts and issues presented in this case. *See* Local Rule 105.6 (D. Md. 2004).

**I. Standard of Review**

In order to survive a defendant's properly supported motion for summary judgment, a plaintiff is required to produce some evidence to support each of his constitutional claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *See Celotex*, 477 U.S. at 322. While the facts and all reasonable inferences drawn therefrom must be viewed in a light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), "when the moving party has

carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputed issues of material fact will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## II. Factual Background

According to Defendant, Plaintiff has a history of keeping his feed slot open after receiving his lunch in an effort to disrupt meal distribution on the tier. Paper No. 4, Ex. 1. Accordingly, a decision was made to serve Plaintiff his meal last. *Id*. On July 17, 2005, when correctional officers attempted to serve Plaintiff his lunch, after the other inmates on the tier were served, he refused the lunch. *Id*., Ex. 1, 2, 3. On August 6, 2005, Plaintiff was transferred for unrelated reasons to the Patuxent Institution. *Id*., Ex. 4. Since his return to MHC-X he has not refused any meals. *Id*., Ex. 1.

While Plaintiff takes issue with the basis for the declaration stating that Plaintiff interfered with food distribution (i.e., that the declarant has no personal knowledge of Plaintiff's actions) he does not deny that he routinely interfered with lunch distribution. Paper No. 5. Plaintiff does, however, dispute that he refused his lunch meal. Rather, he claims, the correctional officers refused to give him the meal. He also alleges that his transfer to Patuxent was caused by a "conglomeration" of things that Defendant and his staff did to Plaintiff. He does not elaborate. *Id*. These disputes of facts are not material to a resolution of Plaintiff's claim.

## III. Analysis

Plaintiff's Eighth Amendment claim fail because he does not allege that he suffered any injury as a

2

result of missing one lunch meal on July 17, 2005.  *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (complaints of missed meals in the absence of "any deleterious physical or mental effects" do not state constitutional claim).  Additionally, while prisoners have a right to adequate nutrition in the form of regular meals, *Cooper v. Sheriff*, 929 F.2d 1078, 1083 (5th Cir. 1991), an occasional instance of a missed meal does not rise to a constitutional level.  *See Herring v. Superintendent, Danville City Jail*, 387 F. Supp. 410, 412 (W.D. Va. 1974).  Accordingly, judgment shall be entered in favor of Defendant and against Plaintiff.  A separate Order follows.

_____9/29/05_____  
Date

_____/s/_____  
DEBORAH K. CHASANOW  
United States District Judge